# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

### FEBRUARY TERM, 1880.

THEODORE RUNYON, ESQ., ORDINARY.

ANDREW MOORE and others, appellants,

*v.*

GIOVANNI RAGGI and others, respondents.

It is entirely discretionary with the orphans court to restate an administrator's account or not, and from such determination no appeal lies.

Appeal from Hudson orphans court. Motion to dismiss appeal.

*Mr. S. Howell Jones*, for the motion.

*Mr. C. S. See*, contra.

THE ORDINARY.

The appeal is taken from an order of the orphans court of Hudson county, refusing to restate a second time the final account of the appellant as administrator, and set aside

18

Moore *v.* Raggi.

an order of distribution made on the first restatement of the
account.   The refusal to restate the account was based on
the assertion that the court had no power to restate an
account a second time.   The court were at liberty to refuse
to restate the account at their discretion, and, from their
order refusing to restate, no appeal will lie.   It does not
even appear that there was any new matter to be laid before
the court.   For aught that appears, everything which is
stated in the petition as reason for restating the account,
had been previously passed upon by the court.   It is clear
that it should and must be left to the discretion of the court
to say whether there shall be a restatement of an account
or not, and that their determination on the subject ought to
be final and not reviewable on appeal.   Otherwise the
power of appeal would be unlimited.

It was held in New York that an appeal would not lie
from an order refusing a rehearing of a motion for instruc-
tions to a master (*Williamson* v. *Hyer, 4 Wend. 172*), nor
from an order denying a motion to vacate an order that a
bill be taken *pro confesso.   Rowley* v. *Van Bethuysen, 16
Wend. 382.*

It is laid down that the only case in which a party cannot
appeal from the decision of the court, is where the deter-
mination complained of is merely the result of the exercise
of discretion on the part of the judge, in a case where the
matter was fairly a subject for the exercise of discretion; in
such case the practice of the court will not allow an appeal
from the discretion of one judge to that of another.   *2 Dan.
Ch. Pr. (4th ed.) 1462, 1463.*   See, also, *Powell on Appellate
Proceedings* § *78.*

The granting or refusal of the motion in this case appears
to me to have been a matter resting wholly in the discretion
of the court, and not reviewable on appeal.   If the appellant
was aggrieved by the decree upon the final account, and the
order of distribution based thereon, of which he complains,
he might have appealed from them.

The appeal will be dismissed, with costs.